**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:	Civil Case No. 15-cv-12932

AMY ROSENFELD,	HON. MARIANNE O. BATTANI

      Debtor,

      Bankruptcy Case No. 14-54351

_____/

      Adversary Proceeding No. 15-04318

      HON. THOMAS J. TUCKER

JOEL ROSENFELD,

      Plaintiff/Appellant,

v.

AMY ROSENFELD,

      Defendant/Appellee.

_____/


**OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S**
**DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.	INTRODUCTION**

This matter is before the Court on Appellant Joel Rosenfeld's appeal of the Bankruptcy Court's Opinion Regarding Subject Matter Jurisdiction. (Doc. 3, p. 295). The Bankruptcy Court dismissed Appellant's adversary proceeding objecting to discharge under 11 U.S.C. § 727(a), due to a lack of standing and lack of subject matter

1

jurisdiction. Because the debt purportedly owed by Appellee Amy Rosenfeld to Appellant was undisputedly nondischargeable, the Bankruptcy Court concluded that Appellant lacked the requisite personal stake in the outcome of the litigation. Presently, Appellant argues that the Bankruptcy Court erred because whether he has a personal stake in the outcome of the proceeding is immaterial, as § 727(a) is intended to be punitive in nature and not merely remedial.

Having reviewed and considered the parties' briefs, supporting documents, and the entire record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), this matter will be decided on the briefs. For the reasons that follow, the Bankruptcy Court's Opinion shall be, and hereby is, **AFFIRMED**.

## II.   STATEMENT OF FACTS

Appellant Joel Rosenfeld is the ex-husband of Appellee Amy Rosenfeld. On July 1, 2013, a judgment of divorce was entered between the parties in Oakland County Circuit Court, pursuant to which the marital home was awarded to Appellee. (Doc. 10, App. 5, pp. 56-57). After entry of the divorce judgment, it was discovered that the marital home was contaminated with mold, that was endangering the health of the parties' minor children. On January 9, 2014, Appellant filed a motion with the Circuit Court seeking to have this problem remediated. The parties ultimately reached a settlement, and, on February 12, 2014, the Circuit Court entered a stipulated order requiring the children to reside with their maternal grandparents during the time they were with Appellee until further order of the Court. (Id. at pp. 96-97). On motion by Appellant, the Circuit Court later found Appellee to be in contempt of this stipulated

order on October 8, 2014. (Id. at p. 102). The issues of sanctions and attorney fees were to be resolved at an evidentiary hearing, which has not yet taken place.

On September 10, 2014, Appellee filed a Chapter 7 bankruptcy petition with the Eastern District of Michigan Bankruptcy Court. Subsequently, on March 31, 2015, Appellant filed an adversary proceeding objecting to discharge under several provisions of 11 U.S.C. § 727(a). (Doc. 3, p. 3). Part of Appellant's basis for objecting to discharge was the identification of several inconsistencies and alleged fraud in Appellee's petition. Appellant also filed a Proof of Claim alleging a debt against Appellee in the amount of $597,060.00. (Id. at p. 33). This Proof of Claim had three components: (i) indemnification for claims related to the marital home in the amount of $499,000.00, which arises under the divorce judgment; (ii) Appellee's obligation to give Appellant 50% of the marital property, valued at $68,060.00, which arises under the divorce judgment; and (iii) attorney's fees and costs relating to the motion for contempt of the stipulated order in the amount of $30,000.00. (Id.)

On June 5, 2015, the Bankruptcy Court *sua sponte* entered an order requiring Appellant to show cause why his adversarial proceeding seeking denial of Appellee's discharge should not be dismissed for lack of subject matter jurisdiction. (Id. at p. 23). In this order, the Bankruptcy Court noted that the debts potentially owed to Appellant appeared to arise from a state court judgment of divorce, which would render them nondischargeable under 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15). Appellant responded, arguing (i) that the debt connected with the attorney fees and costs does not arise from the divorce judgment but rather with enforcement of the stipulated order and (ii) that because a § 727 action is not merely a personal action intended to redress

3

individual injury, Appellant's adversarial proceeding serves the legitimate purpose of demonstrating that Appellee is legally barred from obtaining a discharge.

In its Opinion, the Bankruptcy Court determined that it lacked subject matter jurisdiction because it was unable to award any meaningful relief to Appellant. The court reasoned:

> [E]ven if the Plaintiff is successful in obtaining an order denying Debtor a discharge under 11 U.S.C. § 727(a), which is the only relief Plaintiff is requesting in this adversary proceeding, he would gain nothing for himself, beyond what he already has . . . . But Plaintiff already has this relief, because . . . any debt the Debtor owes to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(15), and thus will not be discharged in this Chapter 7 bankruptcy case.

(Id. at p. 301). The court rejected Appellant's attempt to distinguish the alleged debt arising from the motion for contempt during the course of divorce proceedings from the terms of 11 U.S.C. § 523(a)(15), which renders nondischargeable a debt to a former spouse arising "in connection with a . . . divorce decree or other order of a court of record." (Id. at p. 303). With respect to Appellant's second argument, the Bankruptcy Court determined that Appellant was foreclosed from litigating the rights of other creditors because such generalized grievances do not warrant the exercise of Article III federal jurisdiction. The present appeal followed.

### III.   STANDARD OF REVIEW

This Court will review the Bankruptcy Court's denial of a motion to dismiss *de novo*. See Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). With regard to a motion for summary judgment, the Court will review the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. See Stevenson v. J.C. Bradford & Company, 277 F.3d 838, 849 (6th Cir. 2002).

**IV.    ANALYSIS**

On appeal, Appellant does not challenge the Bankruptcy court's determination that the potential debt relating to the motion for contempt in Circuit Court would be nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Rather, he reiterates his second argument, claiming that because denials of discharge under § 727 are intended to be punitive and not simply remedial in nature, his lack of a personal financial stake in the outcome of his adversarial proceeding does not foreclose standing to bring such an action.

Federal courts are courts of limited jurisdiction and have a duty to examine their authority to hear a case before a judgment on the merits may be rendered. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). Encompassed within this duty is the obligation to dismiss an action *sua sponte* where a court finds that it lacks jurisdiction. Gonzales v. Thaler, 132 S. Ct. 641, 648 (2012). The jurisdictional limits imposed by Article III "apply equally to bankruptcy courts." Mapley v. Mapley (*In re* Mapley), 437 B.R. 225, 227 (Bankr. E.D. Mich. 2010) (quoting Day v. Klingler (*In re* Klingler), 301 B.R. 519, 523 (Bankr. N.D. Ill. 2003)); see also Carto v. Oakley (*In re* Oakley), 503 B.R. 407, 421 (Bankr. E.D. Pa. 2013). Article III limits the jurisdiction of federal courts to disputes presenting justiciable "cases and controversies." Allen v. Wright, 468 U.S. 737, 750 (1984). In assessing whether a claim is justiciable, courts look to several doctrines, including standing, mootness, ripeness, and political question. Id.

The issues of standing and mootness are directly relevant to the present matter. In order to achieve standing, a litigant "must allege personal injury fairly traceable to the

defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Id. at 751 (citing Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S.. 464, 471-476 (1982)).  The "[s]tanding doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, [and] the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches . . . ."  Id.

In comparison, "[w]hen—for whatever reason—the dispute discontinues or [the court is] no longer able to grant meaningful relief to the prevailing party, the action is moot, and we must dismiss for lack of jurisdiction." United States v. Blewett, 746 F.3d 647, 661 (6th Cir. 2013) (Moore, J., concurring) (citing Knox v. Serv. Emp. Int'l Union, 132 S. Ct. 2277, 2287 (2012)).

> Mootness thus prevents courts from hearing cases "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  A party has a legally cognizable interest when he or she has a personal stake in the outcome of the dispute.  Geraghty, 445 U.S. at 396. In short, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

Unan v. Lyon, No. 2:14-cv-13470, 2016 U.S Dist. LEXIS 2702, at *15 (E.D. Mich. Jan. 11, 2016).

The circumstances of the present appeal are identical to those litigated in Mapley v. Mapley, cited in the Bankruptcy Court's opinion.  In that case, the plaintiff brought an adversarial proceeding in response to her ex-husband's Chapter 7 bankruptcy petition. Mapley, 437 B.R. at 226.  Her complaint objected to discharge of a debt owed to her

6

pursuant to a circuit court's order in a divorce action. Id. The Court found that the action was moot because the debt owed to the plaintiff was nondischargeable under 11 U.S.C. § 523(a)(15), as it arose in connection with a divorce decree. Id. at 228. Accordingly, the court could provide no meaningful relief the plaintiff did not already have because she would suffer no injury even if her ex-husband obtained a discharge. Id. This reasoning – as well as the reasoning in the Bankruptcy Court's Opinion – is persuasive. It is undisputed in the present appeal that the debts allegedly owed to Appellant are nondischargeable. Therefore, Appellant's adversarial proceeding is moot because the court can grant no effective relief where Appellant has already received all the relief he could. See Klingler, 301 B.R. at 524 (citations omitted).

Appellant contends that § 727(a) is designed to protect the interests of creditors and the integrity of the court's own proceedings; the statute is not merely remedial in nature but is intended to punish a debtor who behaves obstructively or fraudulently. Therefore, Appellant contends, requiring the court to make a determination of whether a party bringing such an action derives any benefit circumvents these purposes. It cannot be questioned that an action brought under § 727 is subject to the Article III constraints on jurisdiction articulated above. As the Bankruptcy Court found, Appellant does not have standing to bring such a generalized grievance or to litigate the interests of others. See Mapley, 437 B.R. at 229 (citing Klingler, 301 B.R. at 525) ("And Plaintiff does not have standing to object to the Debtor's discharge solely on behalf of *other* creditors."); see also Warth v. Seldin, 422 U.S. 490, 499 (1975) (holding that courts should refrain from exercising jurisdiction "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens.").

This issue was addressed by the Bankruptcy Court for the Northern District of Illinois in Day v. Klingler. In that case, a creditor filed two adversary proceedings. Klingler, 301 B.R. at 522. The first alleged fraud on the part of the debtor and objected to the dischargeability of the debt under §§ 523(a)(2)(A) and (B) and 727(a). Id. The second objected to discharge under § 727(d). Id. The Bankruptcy Court entered judgment in the creditor's favor in the first proceeding under section 523(a)(2)(A), ruling that the debt was not dischargeable. Id. at 523. However, the court dismissed the second proceeding as moot, reasoning:

> Having prevailed in that proceeding, [the plaintiff] no longer has any personal stake in any other discharge decision. He stands to gain nothing in the second adversary if he prevails. At most, he is litigating now to vindicate the rights of any remaining creditors, which he cannot do. Or else he is simply litigating out of distaste for [the debtor], which he also cannot do.

Id. at 524. Appellant seeks to distinguish Klingler on the grounds that it involves two separate adversarial proceedings. However, in Klingler, as in the present matter, the determination that a debt was nondischargeable is what rendered any further litigation on the matter moot, in spite of allegations regarding fraud on the part of the debtor. Lastly, to the extent that Appellant argues that a successful objection to discharge brought under § 727(a) would foreclose discharge not only of his own debt but also of all other debts, this fact was found to be immaterial in Klingler. See id.

Appellant cites to *In re* Levine, 287 B.R. 683, 692 (Bankr. E.D. Mich. 2002), for the proposition that "[a]n objection to discharge is more analogous to a criminal complaint than a civil complaint. It initiates a process to determine whether a debtor is entitled to her discharge in much the same way as a criminal complaint is guilty of a

8

crime." This case is inapposite to the present matter. Levine concerns a motion for approval of a settlement pursuant to Fed. R. Bankr. P. 9019(a), between the Chapter 7 Trustee, the debtor, and the debtor's wife. Id. at 686. The Court acknowledged that its duty "to preserve the integrity of the judiciary would prevent [it] from giving judicial approval to an agreement which is otherwise unlawful." Id. at 690. Even if Levine were somehow relevant, its discussion does not support Appellant's position that dismissal of his adversary proceeding is unwarranted. The case states:

> While Section 727(c) allows the Chapter 7 trustee, creditors, and the United States trustee to participate in the process, their participation is not necessary. Nor is even the debtor's. No motion is required to initiate the court's issuance of the discharge order. Moreover, no objection is needed for the court to deny a debtor's discharge. For example, courts routinely do not issue discharges if their own records indicate that a debtor had already received a Chapter 7 discharge within 6 years of filing the debtor's current petition.
>
> Put simply, it is the court which ultimately controls the discharge process, not the creditor, the Chapter 7 trustee, or the United States trustee. Once the objection is filed, the issue is outside of the objecting party's control. The objecting party certainly may participate in the process. However, it may not dictate its outcome.

Id. at 692 (citations omitted). The thrust of this passage is that the Bankruptcy Court holds the responsibility to review the records and determine whether discharge should be granted. If the Bankruptcy Court determines that a debtor has submitted false statements or otherwise engaged in fraudulent conduct, it may deny the discharge. Appellant's participation is therefore not necessary or appropriate, given his lack of a personal interest.

## V.   CONCLUSION

For the reasons discussed above, the Bankruptcy Court's Opinion Regarding Subject Matter Jurisdiction is **AFFIRMED**.

**IT IS SO ORDERED.**

Date:  September 13, 2016              s/Marianne O. Battani
                                       MARIANNE O. BATTANI
                                       United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 13, 2016.

                                       s/ Kay Doaks
                                       Case Manager